IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN CLEARY and RITA BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIP MORRIS USA, INC., *et al.*,<br><br>Defendants. | No. 09-cv-1596<br><br>**Honorable Matthew F. Kennelly**<br><br>**Proposed Class Action** |

## DEFENDANTS'[1] MOTION FOR JUDGMENT ON COUNT III OF THE THIRD AMENDED COMPLAINT

Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, American Tobacco Company, Inc., and Brown & Williamson Tobacco Corporation hereby moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to dismiss Count III of Plaintiff's Third Amended Complaint with prejudice, and strike all related allegations (¶¶ 19, 282-295, 323, 325-27, 330, 354-363) from the Complaint based on the statute of limitations.

As explained in the accompanying memorandum of law, Plaintiffs' lawsuit should be dismissed because it is barred by the statute of limitations, which expired for Plaintiffs' Lights claims in February 2007. First, Plaintiffs' Lights claims are based on an unjust enrichment theory and therefore subject to the five-year limitations period in 735 ILCS 5/13-205. *See Burns Philp Food, Inc. v. Cavalea Cont'l. Freight, Inc.*, 135 F.3d 526, 528 (7th Cir. 1998); *Hoang v. Abbott Labs.*, 2008 WL 4852973, at *2 (N.D. Ill. Nov. 6, 2008) (same). Further, this Court has already concluded that identical claims based on the marketing and sale of "Lights" cigarettes asserted

---

[1] This brief is filed on behalf of defendants Philip Morris USA Inc. ("PM USA"), R.J. Reynolds Tobacco Company, American Tobacco Company, Inc., and Brown & Williamson Tobacco Corporation.

against Lorillard in Count III of the Amended Complaint should be dismissed as time-barred and the Court's reasoning applies equally to the other defendants against whom these claims are made. Finally, Plaintiffs have previously withdrawn these same Lights-related allegations in their Second Amended Complaint (Docket No. 1, Ex. D). Under Illinois law, "[w]hen a complaint is amended, without reference to the earlier allegations, it is expected that these allegations are no longer at issue" and deemed waived. *Foxcroft Townhome Owners Ass'n. v. Hoffman Rosner Corp.*, 449 N.E.2d 125, 127 (Ill. 1983); *see also Pfaff v. Chrysler Corp.*, 610 N.E.2d 51, 63 (Ill. 1993) ("allegations in a former complaint, not incorporated in the final amended complaint, are deemed waived").

Thus, for reasons more fully explained in Defendants' Brief in Support of Motion For Judgment on Count III of the Third Amended Complaint, Defendants respectfully request that this Court dismiss Count III of Plaintiff's Third Amended Complaint with prejudice, and strike all related allegations (¶¶ 19, 282-295, 323, 325-27, 330, 354-363) from the Complaint.

Dated: June 9, 2009

Respectfully submitted,

PHILIP MORRIS USA INC.


    /s/ *Jeffrey Wagner*

Jeffrey M. Wagner #06199166 (jwagner@winston.com)
Kevin A. Banasik #06271012
WINSTON & STRAWN
35 West Wacker Drive
Chicago, Illinois 60601-5600
Phone: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Philip Morris USA Inc., Counsel for Tobacco Research U.S.A.,*

*and Smokeless Tobacco Co.*

    /s/ *Karey Skiermont*

Karey Skiermont
JONES DAY
77 West Wacker Drive
Chicago, IL 60601

*Attorneys for Brown & Williamson Tobacco Corporation and R.J. Reynolds Tobacco Co.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Christopher B. Essig*
_____

Dated: June 9, 2009