IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN CLEARY and RITA BURKE, individually and on behalf of all others similarly situated, )))) | |
| Plaintiffs, )) | |
| vs. )) | Case No. 09 C 1596 |
| PHILIP MORRIS, INC., *et al.*, ))) | |
| Defendants. ))) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Brian Cleary and Rita Burke, representing a putative class, have sued several tobacco companies and tobacco-related entities. This case was filed in state court in 1998. Defendant Lorillard Tobacco Co. removed it to this Court after plaintiffs filed a third amended complaint on March 3, 2009. In their third amended complaint, plaintiffs make several claims against the defendants on behalf of Illinois residents. Among other claims, plaintiffs allege that defendants deceptively marketed "low tar," "light," and "ultra light" cigarettes as being safer than regular cigarettes, although they were equally dangerous. Defendants have moved for judgment on the pleadings with respect to these claims on the ground that they are time-barred. For the following reasons, the Court grants the motion as to the defendants other than Philip Morris but defers ruling as to Philip Morris.

1

## Background

Plaintiffs first asserted light cigarettes-based claims in their first amended complaint, which they filed in state court on January 19, 2000. In it, plaintiffs requested certification of a separate class of plaintiffs—Illinois residents who purchased and smoked Marlboro Lights, manufactured by defendant Philip Morris. Plaintiffs alleged that Philip Morris marketed Marlboro Lights cigarettes as safer than regular cigarettes even though they were just as dangerous.

In November 2001, plaintiffs withdrew their Marlboro Lights-based claims. In a memorandum they filed in state court, plaintiffs said that those claims "are no longer before the Court . . . Another circuit court certified the class on February 1, 2001. *Miles v. Philip Morris, Inc.*, No. 00-L0112 (Ill. Cir. Ct. Madison Cty.)." Pls.' Factual Mem. (filed Nov. 26, 2001). In essence, the plaintiffs advised the state court that because of the other pending class action, they were in this case no longer were proceeding with their light cigarettes-based claims against Philip Morris.

Philip Morris moved to strike portions of plaintiffs' amended complaint that referred to the Marlboro Lights-based claims. In response, plaintiffs did not oppose the striking of the claims; they again said the claims were no longer before the Court "because another circuit court certified that class on February 1, 2001." Pls.' Mem. In Opp. To Def.'s Mot. to Strike ¶ 1. Plaintiffs opposed, however, the striking of certain factual allegations. The state court granted Philip Morris' motion to strike and dismissed plaintiffs' Marlboro Lights-based claims with prejudice. The Court stayed the order, however, pending a ruling on plaintiffs' motion for leave to file a second amended complaint. Plaintiffs filed a second amended complaint on April 5, 2005. That

complaint contained no light cigarettes claim.

In 2006, the Illinois Supreme Court dismissed the Madison County class action. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 273-74, 848 N.E.2d 1, 54-55 (2006). The court held that claims arising out of tobacco companies' concealment of the true nature of light cigarettes under the Illinois Consumer Fraud Act failed because the Act exempts from liability "conduct in compliance with orders" of a federal agency. *Id.* Concluding that the defendants were authorized by FTC practice and consent orders in their marketing of light cigarettes, the court ruled that plaintiffs' claims were barred. *Id.*

On December 15, 2008, the United States Supreme Court held that neither the Federal Labeling Act nor the FTC's decisions regarding the advertising of low tar or light cigarettes preempt state-law claims predicated on a duty not to deceive. *Altria Group, Inc. v. Good*, 129 S.Ct. 538 (2008). Plaintiffs contend this represents a significant change in the law as compared with the Illinois Supreme Court's *Price* decision. Shortly after the decision in *Altria*, plaintiffs moved the state court for leave to file a third amended complaint, a motion the court granted. This complaint reasserted the light cigarettes claims from the first amended complaint and expanded the claims to encompass other defendants in addition to Philip Morris. The third amended complaint also alleged wrongdoing with respect to all low tar, light, and ultra light cigarette brands, not just Marlboro Lights.

On March 13, 2009, Lorillard removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1446(b). Lorillard's removal of the case was premised on the proposition that the inclusion of the light cigarettes-based claims

3

amounted to the filing of a new action under CAFA. Otherwise, the case would not have been removable. Plaintiffs then moved to remand the case to state court. This Court concluded that the light cigarette claims against Lorillard did not relate back to the plaintiffs' first amended complaint because that complaint mentioned only Marlboro Lights, a Philip Morris product. As a result, the third amended complaint was, in fact, a new action under CAFA. *See* Order of May 4, 2009. In a later ruling, the Court dismissed the light cigarettes claims against Lorillard as time-barred, based on the same relation-back determination. The Court declined, however, to remand the case, for reasons described in the ruling. *See* Order of July 1, 2009.

Defendants Philip Morris, R.J. Reynolds Tobacco Company, American Tobacco Company, Inc., Brown & Williamson Tobacco Corporation, and Liggett & Myers, Inc. have now moved the Court for judgment on the pleadings on Count 3 of the third amended complaint, which contains the light cigarettes claims against them.

## Discussion

On a motion for judgment on the pleadings, the Court "accept[s] the allegations in the complaint as true and draw[s] all reasonable inferences in favor of [the nonmoving party]." *Iowa Physicians' Clinic Med. Found. v. Physicians Ins. Co. of Wisc.*, 547 F.3d 810, 811 (7th Cir. 2008).

Plaintiffs concede that the light cigarettes claims against all defendants except Philip Morris are time-barred. As a result, the only issues before the Court are whether the light cigarettes claims against Philip Morris are timely and, if so, whether plaintiffs may assert those claims with respect to brands other than Marlboro Lights.

4

**A.     State court dismissal of light cigarettes claims**

Plaintiffs contend that the light cigarettes claims against Philip Morris are timely because they relate back to the filing of the first amended complaint. Philip Morris contends that because the light cigarettes claims in the first amended complaint were dismissed with prejudice, the new claim cannot relate back to the date plaintiffs filed that version of the complaint. Philip Morris also contends that plaintiffs' filing of a second amended complaint that omitted the light cigarettes claims renders impossible relation back to the date plaintiffs filed the first amended complaint.

The state court's ruling on Philip Morris' motion to strike in 2002 was an interlocutory order, as it did not "settle or finalize any rights between the parties." *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 120, 382 N.E.2d 1217, 1220 (1978). *See also Leopold v. Levin*, 45 Ill. 2d 434, 446, 259 N.E.2d 250, 257 (1970) (entry of summary judgment in favor of plaintiff on issue of liability only was interlocutory order and trial judge had authority to vacate that order and enter summary judgment in favor of defendant). Under Illinois law, a court may modify or vacate an interlocutory order at any time before final judgment. *Hemphill v. Chicago Transit Auth.*, 357 Ill. App. 3d 705, 708, 829 N.E.2d 852, 855 (2005). The same is true under federal procedural law. *See Solis v. Consulting Fiduciaries, Inc.*, 557 F.3d 772, 780 (7th Cir. 2009) (district court has "broad discretion to revisit its interlocutory orders"). "Although judges of coordinate jurisdiction should use caution when vacating or amending prior rulings, especially if there is evidence of 'judge shopping' by the party receiving the adverse ruling, they are not bound by orders of previous judges and have 'the traditional power to amend and

5

revise interlocutory orders' that they consider to be erroneous." *Hemphill*, 357 Ill. App. 3d at 708, 829 N.E.2d at 855 (quoting *Towns*, 73 Ill. 2d at 121, 382 NE2d at 1220). "A trial judge is not bound by a prior order of another judge [and has] the right to review the prior order if in his judgment it was erroneous and he had the duty to do so if changed facts or circumstances make the prior order injust [sic]." *Richichi v. City of Chicago*, 49 Ill. App. 2d 320, 325, 199 N.E.2d 652, 655-56 (1964).

    The record makes it clear that the plaintiffs agreed to withdraw their light cigarettes-based claims against Philip Morris solely because of the certification of the class in the Madison County case. The state court's decision to dismiss the plaintiffs' Marlboro Lights claims with prejudice was likewise premised on the pendency of the Madison County case. Though that case was later dismissed, the Supreme Court's decision in *Altria* arguably amounts to a change of the law that enables plaintiffs to proceed on an unjust enrichment claim. These changed circumstances may render unjust the previous dismissal with prejudice of plaintiffs' light cigarettes claims against Philip Morris. There is no evidence of judge-shopping on the plaintiffs' part. It was not their decision to remove the case to federal court; in fact, they moved to remand the case to state court. Reinstatement of the claims would not appear to prejudice Philip Morris unfairly; it had notice of these claims long ago, when plaintiffs filed the amended complaint in 2000, and as yet there has been no discovery in this case on the merits of any of the plaintiffs' claims. For these reasons, the Court is considering vacating the interlocutory order dismissing the light cigarettes claims against Philip Morris and allowing plaintiffs to reinstate those claims.

**B.     Scope of claim**

The Court assumes for purposes of discussion that state law governs whether plaintiffs' claims in count 3 relate back to an earlier pleading. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006). Under Illinois law, a claim relates back in time to a prior pleading when it arises out the same transaction or occurrence as the one identified in the original pleading. 735 ILCS 5/2-616(b). The relation-back doctrine is "designed to afford a defendant a fair opportunity to investigate the circumstances upon which liability is based while the facts are accessible." *Porter v. Decatur Mem. Hosp.*, 227 Ill. 2d 343, 355, 882 N.E.2d 583, 590 (2008). "[T]he rationale behind the same transaction or occurrence rule is that a defendant is not prejudiced if his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." *Id.* (internal quotation marks and citations omitted).

The third amended complaint expands the light cigarettes claims originally asserted in the first amended complaint. The first amended complaint's light cigarettes claims were directed only at Philip Morris' Marlboro Lights brand, and the putative class was composed of Illinois residents who had purchased only Marlboro Lights cigarettes. The third amended complaint is directed at all low tar, light, and ultra light cigarettes. Plaintiffs concede that their light cigarettes claims against defendants other than Philip Morris are time-barred, but that still leaves at least twenty-eight other Philip Morris brands that were not part of the claims in the first amended complaint. There is nothing in the first amended complaint from which Philip Morris would have gotten notice of a potential claim relating to its low tar, light, and ultra light cigarette brands other than

7

Marlboro Lights. In fact, the first amended complaint pointedly named only Marlboro Lights, even though the other low tar, light, and ultra light brands had been in existence long before the filing of the first amended complaint.

For these reasons, the expanded light cigarettes claims in the third amended complaint do not relate back to the filing of the first amended complaint to the extent they concerns brands other than Marlboro Lights. If the Court ends up permitting plaintiffs to reinstate the light cigarettes claims against Philip Morris, those claims will be limited to the Marlboro Lights brand.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion for judgment on the pleadings concerning Count 3 of the third amended complaint [docket no. 85] as to all defendants other than Philip Morris. The Court directs Philip Morris to show cause, by no later than September 21, 2009, why the Court should not vacate the state court's interlocutory order dismissing the light cigarettes claim. Pending ruling on that matter, the Court defers consideration of whether the Marlboro Lights claims in the third amended complaint relate back to the date the plaintiffs filed the first amended complaint. The case is set for a status hearing on September 23, 2009 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 8, 2009