IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN CLEARY and RITA BURKE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 09 C 1596 |
| PHILIP MORRIS USA, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Brian Cleary and Rita Burke, representing a putative class, have sued several tobacco companies and tobacco-related entities. They filed the case in state court in 1998. Defendant Lorillard Tobacco Co. removed it to this Court after plaintiffs filed a third amended complaint on March 3, 2009.

In their third amended complaint, plaintiffs made several claims against the defendants on behalf of three putative classes of Illinois residents. Plaintiffs alleged that defendants conspired to conceal facts about the addictive nature of nicotine, targeted advertising and marketing to minors, and deceptively marketed "low tar," "light," and "ultra light" cigarettes as being safer than regular cigarettes, although they were equally dangerous.

Defendants have filed three motions for summary judgment. In the first, all

defendants except British American Tobacco Co. move for summary judgment as to plaintiff Rita Burke on all counts. In the second, defendants Philip Morris, R.J. Reynolds, Liggett & Myers, Lorillard, and U.S. Smokeless Tobacco Co. (formerly United States Tobacco Company) move for summary judgment with regard to all plaintiffs on the youth marketing claim (Count 2). In the third, defendant British American Tobacco Co. moves for summary judgment with respect to Count 1 (the only count in which it is a named defendant).

**Background**

A court may rule on summary judgment as to individual plaintiffs without first ruling on a plaintiff's motion to certify a class. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008). If a court dismisses a named plaintiff's claim, "it will ordinarily disqualify the named plaintiff as a proper class representative, with the effect of mooting the question of whether to certify the class unless the lawyers for the class find another representative." *Id.*

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). The Court takes the following facts from the plaintiff's complaint and from the parties' statements of facts as to which there is no material dispute.

Plaintiffs filed this litigation in state court in 1998. Lorillard removed it to federal court after plaintiffs filed a third amended complaint (TAC) on March 3, 2009. In the

2

third amended complaint, plaintiffs assert claims on behalf of three putative plaintiff classes. Count 1 alleges that defendants engaged in a decades-long conspiracy to conceal facts about the addictive nature of nicotine. For this claim, plaintiffs have identified a putative class (Class A), consisting of "all Illinois residents who, between December 14, 1953 (the date the conspiracy began) and July 27, 1965 (the effective day of the federal labeling act) purchased and consumed in Illinois tobacco products manufactured by the Tobacco Companies." TAC ¶ 332.

Count 2 alleges that defendants have targeted and continue to target their cigarette marketing and advertising toward minors, luring young people into becoming smokers before they are mature enough to make an informed decision, in violation of Illinois law. The putative class for Count 2 (Class B) consists of "all Illinois residents who, as minors, purchased in Illinois cigarettes designed, manufactured, promoted, or sold by Defendants." *Id.*

Count 3 alleges that defendants marketed light cigarettes as safer than regular cigarettes, even though defendants knew them to be just as dangerous. The Court has previously granted judgment on the pleadings in defendants' favor on Count 3 with regard to all brands except Philip Morris' Marlboro Lights brand. For Count 3, plaintiffs have identified a putative class (Class C) consisting of persons who purchased and consumed Marlboro Lights in Illinois "from the time such cigarettes were placed into the stream of commerce until the date that the defendant publicly and adequately disclosed to consumers the true nature and effect of these cigarettes." TAC ¶ 332.

In all three claims, plaintiffs seek recovery under a theory of unjust enrichment. Plaintiffs allege that defendants earned money from the sale of tobacco products while

engaging in the wrongful behaviors alleged in each count and that it would violate the principles of justice, equity, and good conscience to allow them to keep these earnings. They request that the Court order defendants to disgorge all revenue received through the sale of cigarettes to plaintiffs and members of Classes A, B, and C.

Defendants have moved for summary judgment as to named plaintiff Rita Burke on all counts, arguing that she has failed to allege that she was injured as a result of the defendants' actions and thus cannot maintain any of her claims. Philip Morris, R.J. Reynolds, Liggett & Myers, Lorillard, and U.S. Smokeless have moved for summary judgment on plaintiffs' youth marketing claims (Count 2), arguing that they are time-barred. British American Tobacco Co. (BATCo) has a moved for summary judgment on Count 1 (the only count in which it is named) on the ground that Burke never purchased a BATCo product.

Plaintiffs argue that they need not prove individual injury or causation on any count, because they do not seek individual damages. They state that they seek only restitution on behalf of various classes of Illinois residents that purchased defendants' cigarettes during the periods when defendants were engaged in wrongful behavior. Thus, they contend, their allegations hinge entirely on the allegedly wrongful behavior of the defendants, not on any effect of that behavior on individual plaintiffs. Pls.' Mem. in Opp. to Summ. Judg. at 22-24.

With regard to Count 2, plaintiffs argue that Burke smoked cigarettes as a minor as a result of defendants' improper youth marketing. Thus, they contend, even though she need not prove injury or causation, she has done so. Further, plaintiffs argue that their claims are not time-barred because defendants' acts of deception constitute

4

fraudulent concealment and justify equitable tolling of the relevant statutes of limitations.

## Discussion

### A. Summary judgment as to Rita Burke

#### 1. Generally

Defendants have moved for summary judgment on all counts as to named plaintiff Rita Burke. All three counts in the third amended complaint assert claims of unjust enrichment. Defendants argue that to recover for unjust enrichment, plaintiffs must prove the basic elements of a tort, including causation and injury. Defs.' Mot. for Summ. Judg. as to Burke ¶ 3. They say that neither the third amended complaint nor Burke's recent deposition testimony contain any indication that defendants' behavior caused any injury to Burke. *Id.* ¶¶ 4-6.

Plaintiffs argue that their unjust enrichment claim does not sound in tort but in restitution. To be entitled to restitution, they contend, they need not demonstrate causation or injury to any individual class member, including Burke. Pls.' Mem. at 22-24. This is incorrect. A claim of unjust enrichment based on a theory of restitution also requires a plaintiff to establish she was harmed. *Raintree Homes, Inc. v. Vill. of Long Grove*, 209 Ill. 2d 248, 262, 807 N.E. 2d 439, 447-48 (2004). Despite their arguments to the contrary, plaintiffs acknowledge this in their brief. They note that to prevail on a theory of unjust enrichment, a plaintiff must establish "that the defendant has unjustly retained a benefit *to the plaintiff's detriment*." Pls.' Mem. at 19 (emphasis added) (citing *Alliance Acceptance Co. v. Yale Ins. Agency*, 271 Ill. App. 3d 483, 492, 648

N.E.2d 971, 977 (1995)).

Plaintiffs offer no authority to support their contention that a plaintiff may sue on behalf of a class if she herself was not injured. Before a class is certified, "no one besides the plaintiff has a legally protected interest in the litigation." *Weismueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008). If a court properly grants summary judgment against a plaintiff on her individual claims, the case cannot survive simply because she seeks to represent a class that may include members who do have valid claims. *See Sample v. Aldi*, 61 F.3d 544, 551-52 (7th Cir. 1995).

Regardless of whether Burke asserts a tort theory or a restitution theory of unjust enrichment, to survive summary judgment she must demonstrate that she herself suffered a detriment due to defendants' actions. The Court therefore turns to each claim in the third amended complaint to determine whether there exists a genuine issue of material fact with regard to Burke's claims.

### 2. Conspiracy to conceal the addictive nature of nicotine

Burke testified at her deposition that she has "control over her habit" and that she currently only smokes one cigarette a week. Burke Dep. at 87 (Docket No. 168, Ex. A). Defendants seize on these statements as evidence that Burke is not currently addicted. If she is not currently addicted, they argue, she does not suffer the injury alleged in Count 1 and cannot maintain a claim against defendants for concealing the addictive nature of nicotine. Defs.' Mem. in Supp. of Summ. Judg. as to Burke at 1.

The Court rejects defendants' assertion that Burke can demonstrate an injury only if she is currently addicted to nicotine. Burke's current smoking behavior is

different from her behavior during other periods of the alleged conspiracy. At her deposition, she testified that she smoked four to five cigarettes per day in the 1980s and that after her divorce in 1983 she smoked a pack of cigarettes a day. *Id.* at 97. She recounts several failed attempts to quit smoking, and she attributes her failure to do so to the fact that she "was addicted to it." *Id.* at 91.

If Burke was injured by the defendants' concealment of the addictive nature of nicotine, she could have a cognizable injury even if she is not currently smoking significant quantities of cigarettes. For example, if she was addicted at an earlier time, or if she would not have taken up smoking had she known that she might become addicted, she could have been harmed by defendants' alleged actions. Burke fails to make any such argument, however, insisting instead that she need not establish causation and injury, and that whether she is addicted is irrelevant. Mere allegations that the defendants concealed the addictive nature of nicotine, without some accompanying allegation that the deception resulted in some detriment to Burke, is insufficient to enable her to sue for unjust enrichment. No reasonable jury could find in Burke's favor on Count 1. The Court grants summary judgment in defendants' favor against Burke on that count.

Plaintiffs have defined the class for Count 1 as consisting of all Illinois residents who purchased and consumed products manufactured by the defendants during the twelve-year period from the start of the alleged conspiracy in 1953 to the 1965 effective date of the Federal Labeling Act, 15 U.S.C. § 1331. The parties agree that the other named plaintiff, Brian Cleary, is not and cannot be a class representative for Class A,

7

because he was not born until 1971, after the 1953-1965 period to which Class A is limited. Pls.' Resp. to Defs.' L.R. 56.1 Stat. 14 (Docket No. 165). Because there is no remaining named plaintiff representing Class A, Count 1 is dismissed. Plaintiffs may seek to reinstate Count 1 if, within forty-five days of this order, they identify a new plaintiff who can represent Class A.

### 3. Youth marketing claim (Count 2)

Defendants argue that Burke cannot establish causation or injury sufficient to permit her to maintain her youth marketing claim because she has not alleged that she purchased cigarettes as a minor. Burke again argues that individual injury is irrelevant, because the plaintiffs' restitution theory does not require her to demonstrate actual injury. As noted above, this argument fails. Burke further argues, however, that the third amended complaint includes allegations that she smoked cigarettes as a minor because of the defendants' advertising and that this enables her to sue regardless of whether she herself actually purchased the cigarettes. TAC ¶ 209 ("pervasive marketing and advertising campaigns, unlawfully targeted toward minors, influenced plaintiffs and Class B in a direct or indirect way to begin smoking, and continue to affect the youth market in the same way"); Pls.' Mem. at 24 n. 6 ("The issue is not whether defendants' advertising to minors caused Burke to purchase cigarettes. It is whether the advertising caused Burke to smoke cigarettes as a minor, and whether Defendants retained an unjust benefit as a result of the sale of cigarettes which Burke smoked as a minor.")

The Court is unpersuaded by defendants' argument that a plaintiff must have

purchased cigarettes as a minor to state a claim based on youth marketing practices.[1]

A tobacco company could be unjustly enriched, for example, if as a result of its advertising a minor convinced an adult to purchase cigarettes for her. The Court concludes that the defendants are not entitled to summary judgment merely because Burke did not purchase cigarettes herself as a minor.

Burke smoked at least twice as a minor. She smoked her first cigarette when she was thirteen and she and her friends discovered pack of cigarettes while playing outside. She smoked her second cigarette when she was sixteen and a friend brought cigarettes to a pajama party. Burke says that she smoked at the pajama party because she wanted to appear grown up and sophisticated. Burke Dep. at 34.

Defendants argue that Burke's desire to appear grown up and sophisticated caused her to smoke and that as a result, no reasonable jury could find that she smoked as a result of defendants' alleged youth-focused advertising. The Court is reluctant at this stage, pre-discovery, to rule that there is no genuine issue of material fact on this point. A person may be influenced by advertising yet may not cite the advertisement when asked why she engaged in a particular behavior. Discovery could reveal evidence that would allow a reasonable jury to find, for example, that Burke believed smoking would make her appear grown up and sophisticated because of advertisements designed to suggest to young people that smoking gives one those characteristics. The Court therefore rejects defendants' argument that they are entitled

---

[1] Whether Burke actually purchased cigarettes may have implications for her suitability as a class representative. Class B is defined as "all Illinois residents who, as minors, *purchased* in Illinois cigarettes designed, manufactured, promoted, or sold by Defendants." TAC ¶ 332 (emphasis added).

to summary judgment because Burke cannot prove injury or causation with respect to Count 2.[2]

### 4. Marlboro Lights

In their light cigarettes claim (Count 3), plaintiffs allege that defendants advertised and promoted light cigarettes as less dangerous than regular cigarettes, even though defendants knew they were just as dangerous. As noted earlier, the Court has granted defendants' motion for judgment on the pleadings with respect to all defendants and brands except Philip Morris' Marlboro Lights brand. Defendants now argue that because Burke does not contend that she ever purchased Marlboro Lights, she cannot demonstrate the injury and causation required to support a claim for unjust enrichment on Count 3.

Unlike the claim pertaining to youth marketing, the third amended complaint contains no allegation of a connection between defendants' alleged concealment of the true nature of light cigarettes and Burke's own smoking. Burke does not allege that she ever smoked Marlboro Lights, much less that she did so because she relied on defendants' false claims that they were safer than regular cigarettes. Indeed, in their briefs, plaintiffs again argue that Burke's behavior is irrelevant.

In her brief opposing summary judgment, Burke briefly suggests that she smoked Marlboro Lights at some point. Pls.' Mem. at 25 ("the fact is that Defendants sold those Marlboro Lights and she smoked them while PM USA was concealing their true nature and while PM USA retained the economic benefits from those sales."). No

---

[2]This does not finish the inquiry. Defendants have also moved for summary judgment with respect to all plaintiffs on Count 2, arguing that the claim is time-barred.

such allegation, however, appears in plaintiffs' complaint, nor does Burke support it in her Local Rule 56.1 statements or discovery responses. "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). The passing reference in the brief, without more, is insufficient to support a claim that Burke was injured by Philip Morris' conduct regarding Marlboro Lights, particularly because in the same document plaintiffs repeatedly contend that they make no claim of individual injury on the light cigarettes claim. Therefore, the Court grants summary judgment in favor of defendants and against Burke on Count 3.

**B.      Summary judgment on youth marketing claims (Count 2)**

The defendants have also moved for summary judgment on plaintiffs' youth marketing claim (Count 2) against both Cleary and Burke on the ground that the claim is time-barred. Illinois law imposes a five year statute of limitations on unjust enrichment claims. *Burns Philp Food, Inc. v. Cavalea Cont'l Freight, Inc.*, 135 F.3d 526, 527-28 (7th Cir. 1998). If a claim involves a minor plaintiff, and the five-year statute of limitations expires before the plaintiff reaches the age of majority, the limitations period is extended for an additional two years. 735 ILCS 5/13-211.

Plaintiffs allege that they smoked cigarettes as minors as a result of defendants' advertising aimed at youth. TAC ¶ 209; Pls.' Mem. at 24. To be actionable, any underage-directed marketing had to have affected the plaintiffs by the time they turned eighteen. Burke turned eighteen in 1958, and Cleary turned eighteen in January 1989. Neither filed suit until 1998. As a result, their youth marketing claims are time-barred unless they have a basis to toll the statute of limitations.

11

In response to defendants' motion, plaintiffs rely on a theory of fraudulent concealment. This is a recognized basis for equitable tolling in Illinois law. A plaintiff has five years to sue after he discovers or should have discovered that he has a cause of action that has been fraudulently concealed by a liable party. 735 ILCS 5/13-215. To establish fraudulent concealment, a plaintiff must show that there were "affirmative acts or representations designed to prevent discovery of the cause of action or to lull or induce a claimant into delaying the filing of his claim." *Turner v. Nama*, 294 Ill. App. 3d 19, 27, 689 N.E.2d 303, 308 (1997).

Defendants argue that plaintiffs have no evidence to support a fraudulent concealment claim. They rely in part on deposition testimony by Cleary and Burke regarding why they began smoking. Cleary stated that he started to smoke to impress a friend, and Burke said she did so to appear grown up and sophisticated. Neither cited advertisements as having influenced their behavior as minors. Defendants argue that this shows plaintiffs knew why they smoked as minors and that it had nothing to do with advertising, thus torpedoing their claim of fraudulent concealment.

The Court is not prepared to grant defendants summary judgment on that theory. First of all, an individual smoker cannot be expected to have complete personal knowledge of how advertising may have affected him. And second, plaintiffs have not had an opportunity to conduct discovery to attempt to establish how advertising could have affected an underage smoker even if he did not realize its effect or recall any particular ad.

There is, however, a more basic problem with plaintiffs' fraudulent concealment claim: it is unsupported – and indeed directly contradicted – in their complaint.

12

Plaintiffs devote a section of their complaint to allegations supporting an assertion of fraudulent concealment. Those allegations, however, are specifically directed to the claims regarding concealment of the addiction and light cigarettes claims; they say nothing about concealment of the proposition that defendants marketed their products to underage youths. *See* TAC ¶¶ 322-31. Perhaps more importantly, the gist of plaintiffs' extensive allegations regarding youth marketing is that the targeting of youthful prospective smokers was open and obvious and was anything but concealed. *See, e.g., id.* ¶¶ 165, 169, 170-182, 188, 193-281. Though plaintiffs contend that defendants denied that they were targeting underage youths, they cite no authority for the proposition that such denials can support a claim of fraudulent concealment of something that is otherwise readily apparent and widely recognized.

Illinois' fraudulent concealment statute requires statements or conduct designed to prevent discovery of a claim, and it does not permit tolling for a party who, through reasonable diligence, could have discovered that he had a claim. *See, e.g., Dancor International, Ltd. v. Friedman, Goldberg & Mintz,* 288 Ill. App. 3d 666, 675-76, 681 N.E.2d 617, 623-24 (1997); *see also, e.g., Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001); *Independent Trust Corp. v. Fidelity Nat'l Title Ins. Co. of N.Y.*, 577 F. Supp. 2d 1023, 1042 (N.D. Ill. 2008). Much of plaintiffs' support for their youth marketing claim comes from evidence that was clearly visible. They also cite multiple studies and articles reflecting that defendants encouraged and continued to encourage minors to smoke. Many of these were published more than five years before plaintiffs filed this suit. Under the circumstances, plaintiffs cannot make out a claim of fraudulent concealment sufficient to toll the long-run statute of limitations.

**C.     British American Tobacco's motion for summary judgment on Count 1**

Because the Court has dismissed Count 1 because there is no remaining plaintiff to represent the class, BATCo's motion for summary judgment is terminated as moot.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment as to named plaintiff Rita Burke (docket no. 120) is granted as to Counts 1 and 3 but is otherwise denied.  Because there is no remaining named plaintiff for Count 1, British American Tobacco's motion for summary judgment on that count (docket no. 125) is terminated as moot.   Defendants' motion for summary judgment on Count 2 as to both named plaintiffs (docket no. 119) is granted.  Plaintiffs may seek to reinstate Count 1 if, by March 18, 2010, they identify a new plaintiff that can represent the class identified in that claim.  At this point, what remains of the third amended complaint is the light cigarettes claim concerning Marlboro Lights (Count 3), with Brian Cleary as the only named plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 1, 2010