**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN CLEARY and RITA BURKE, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 09 C 1596** |
| **PHILIP MORRIS USA, INC.,** ***et al.*****,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Brian Cleary and Rita Burke, representing three putative classes, have sued several tobacco companies and tobacco-related entities. They filed the case in state court in 1998. Defendant Lorillard Tobacco Co. removed it to this Court after plaintiffs filed a third amended complaint on March 3, 2009.

In their third amended complaint, plaintiffs allege that defendants conspired to conceal facts about the addictive nature of nicotine (Count 1, Class A); targeted advertising and marketing to minors (Count 2, Class B); and deceptively marketed "low tar," "light," and "ultra light" cigarettes as being safer than regular cigarettes, although they were equally dangerous (Count 3, Class C). Plaintiffs have moved to certify the three putative classes. For the reasons stated below, the Court denies the motion, though the denial is without prejudice as to proposed Class A.

## Background

Plaintiffs filed this litigation in state court in 1998. Lorillard removed it to federal court after plaintiffs filed a third amended complaint (TAC) on March 3, 2009. In the third amended complaint, plaintiffs assert three claims on behalf of three putative classes. In all three claims, plaintiffs seek recovery under a theory of unjust enrichment. Plaintiffs allege that defendants earned money from the sale of tobacco products while engaging in the wrongful behaviors alleged in each count and that it would violate the principles of justice, equity, and good conscience to allow them to keep these earnings. They ask the Court to order the defendants to disgorge all revenue they received through the sale of cigarettes to plaintiffs and members of the three classes.

In Count 1, plaintiffs allege that defendants engaged in a decades-long conspiracy to conceal facts about the addictive nature of nicotine. For this claim, plaintiffs have identified a putative class (Class A), consisting of "all Illinois residents who, between December 14, 1953 (the date the conspiracy began) and July 27, 1965 (the effective day of the federal labeling act) purchased and consumed in Illinois tobacco products manufactured by the Tobacco Companies." TAC ¶ 332.

In Count 2, plaintiffs allege that defendants targeted and continue to target their cigarette marketing and advertising toward minors, luring young people into becoming smokers before they are mature enough to make an informed decision. The putative class for Count 2 (Class B) consists of "all Illinois residents who, as minors, purchased in Illinois cigarettes designed, manufactured, promoted, or sold by Defendants." *Id.*

In Count 3, plaintiffs allege that defendants marketed light cigarettes as safer

than regular cigarettes, even though defendants knew them to be just as dangerous. For Count 3, plaintiffs have identified a putative class (Class C) consisting of persons who purchased and consumed Marlboro Lights in Illinois "from the time such cigarettes were placed into the stream of commerce until the date that the defendant publicly and adequately disclosed to consumers the true nature and effect of these cigarettes." *Id.*

**Discussion**

A court may certify a class if it satisfies all four requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequacy of representation – and any one of the requirements of Rule 23(b). Plaintiffs seek to maintain their class action under Rule 23(b)(3), which requires that common questions of law or fact predominate over questions affecting only individual members and that a class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

The party seeking certification bears the burden of proving that all of the Rule 23 requirements are satisfied. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). That party must also demonstrate that the putative class is sufficiently defined that it is identifiable, and the named representative must be a member of the proposed class. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

On a motion for class certification, a district court need not necessarily accept the moving party's allegations as true. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). "Before deciding whether to allow a case to proceed as a class action, . . . a judge should make whatever factual and legal inquiries are

necessary under Rule 23." *Id.* at 676.

**1. Light cigarettes claim (Class C)**

The Court previously granted summary judgment in defendants' favor as to named plaintiff Rita Burke on all counts. Therefore, the only plaintiff remaining for plaintiffs' light cigarettes claim (Claim 3, Class C) is Brian Cleary. The Court also previously granted judgment on the pleadings in defendants' favor on Claim 3 with regard to all brands except Philip Morris' Marlboro Lights brand. Thus, although the parties' class certification filings refer to multiple plaintiffs and defendants, the Court will refer in this section only to Cleary and Philip Morris.

Cleary alleges that Philip Morris engaged in a decades-long effort to conceal its knowledge that light cigarettes were just as dangerous as regular cigarettes. Cleary claims that Philip Morris not only concealed this knowledge but actively tried to convince consumers that light cigarettes are healthier than regular cigarettes, to give consumers a "false hope of an acceptable alternative to quitting smoking, as well as an excuse for not quitting." Pls.' Supp. Mem. in Supp. of Class Certif. at 30. Cleary alleges that Philip Morris did this to keep people smoking who otherwise might have quit and that as a result of these actions Philip Morris was unjustly enriched.

Cleary seeks certification of a putative class consisting of persons who purchased and consumed Marlboro Lights in Illinois "from the time such cigarettes were placed into the stream of commerce until the date that the defendant publicly and adequately disclosed to consumers the true nature and effect of these cigarettes." TAC ¶ 332.

*a. Numerosity*

Plaintiffs estimate that proposed Class C consists of over one million persons. Defendants do not dispute that plaintiffs' putative classes satisfy the numerosity requirement of Rule 23(a)(1). The Court is satisfied that joinder of the individual class members is impracticable.

*b. Commonality*

The second requirement for certification is that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). As a general rule, a single common issue is sufficient to satisfy this requirement. *Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1993). Cleary contends with regard to proposed Class C that Philip Morris "promot[ed], advertis[ed] and [sold] cigarettes in a way that was intended to lead customers to believe that 'low tar,' 'light' and 'ultra light' cigarettes posed a lower health risk than their full flavored counterparts." Pl. Suppl. Mem. in Supp. of Class Certif. at 1. Whether Philip Morris engaged in such conduct undeniably involves numerous issues of fact common to the class. The Court concludes that Cleary has satisfied Rule 23(a)(2)'s commonality requirement.

*c. Typicality*

The claim of a proposed class representative must be typical of the claims of the class he seeks to represent. Fed. R. Civ. P. 23(a)(3). As a general rule, a plaintiff's claim meets this requirement if it arises from the same event, practice, or course of conduct that gives rise to the claims of the other class members and is based on the same legal theory. *Oshana*, 472 F.3d at 514. "Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named

representative's claims have the same essential characteristics as the claims of the class at large." *Id.* (internal quotation marks and citations omitted). To determine whether a plaintiff has met this requirement, the court considers "the defendant's conduct and the plaintiff's legal theory." *Rosario*, 963 F.2d at 1018.

In arguing that his claims are typical of those of the class, Cleary focuses primarily on Philip Morris's conduct, saying that all class members' claims are based on the same course of conduct by Philip Morris. Cleary essentially assumes that because the class members' claims are based on the common legal theory of unjust enrichment, his claims meet the typicality requirement. The Court cannot stop there, however.

The problem with Cleary's position is that he assumes that an unjust enrichment claim of the type he asserts does not require proof of harm from the defendant's allegedly wrongful conduct. The Court recently rejected this contention in connection with defendants' motions for summary judgment:

> Plaintiffs argue that their unjust enrichment claim does not sound in tort but in restitution. To be entitled to restitution, they contend, they need not demonstrate causation or injury to any individual class member, including Burke. Pls.' [Summ. Judg.] Mem. at 22-24. This is incorrect. A claim of unjust enrichment based on a theory of restitution also requires a plaintiff to establish she was harmed. *Raintree Homes, Inc. v. Vill. of Long Grove*, 209 Ill. 2d 248, 262, 807 N.E.2d 439, 447-48 (2004). Despite their arguments to the contrary, plaintiffs acknowledge this in their brief. They note that to prevail on a theory of unjust enrichment, a plaintiff must establish "that the defendant has unjustly retained a benefit *to the plaintiff's detriment*." Pls.' Mem. at 19 (emphasis added) (citing *Alliance Acceptance Co. v. Yale Ins. Agency*, 271 Ill. App. 3d 483, 492, 648 N.E.2d 971, 977 (1995)).

*Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 431670, at *3 (N.D. Ill. Feb. 1, 2010). As the Seventh Circuit stated in *Clark v. Experian Info. Solutions, Inc.*, 256 Fed.

Appx. 818, 822 n.1 (7th Cir. 2007), "unjust enrichment requires a showing of damages for each plaintiff."[1]

Cleary fails to address in his briefs supporting class certification how he intends to show that he himself suffered a detriment as a result of Philip Morris' conduct. He likewise does not address how, if at all, his claims are typical of those of class members in this regard. This will not do. As the Court noted earlier, "the [typicality] requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana*, 472 F.3d at 514. By failing to address how he or any other class member will prove that they suffered a detriment due to Philip Morris's alleged misconduct, Cleary has effectively forfeited the point.

Even were this not the case, the Court would conclude that Cleary has failed to establish typicality. Class C is defined so broadly that it is likely to include persons who suffered no detriment at all due to Philip Morris's conduct. Some class members may have purchased Marlboro Lights for reasons wholly unrelated to its purportedly less-unhealthy qualities – for example, because they preferred the flavor over other brands. And other class members may have purchased Marlboro Lights despite being completely unaware of claimed differences between the adverse effects of "light" cigarettes and other, non-"light" brands. It is not entirely clear where Cleary fits in along this spectrum. Though it is true, as Cleary points out, that factual differences among the claims of class members do not necessarily defeat typicality, *see Rosario*, 963 F.2d

[1] Though *Clark* is an "unpublished" decision, the Court appropriately relies on it because it was decided in November 2007, after the effective date of Fed. R. App. P. 32.1(a).

at 1018, the likelihood that some significant proportion of class members experienced no injury at all does, at least in a case like this one in which proof of detriment is a necessary element of the claim.

Because Cleary has failed to meet the requirements of Rule 23(a)(3), the Court need not address whether he is an adequate class representative (Rule 23(a)(4)) or whether a class action is a superior method of adjudication as required by Rule 23(b)(3).

**2. Conspiracy to conceal the addictive nature of nicotine (Class A)**

The Court previously granted summary judgment against named plaintiff Rita Burke on Claim 1, which alleges that the defendants concealed the addictive nature of nicotine. Because Rita Burke was the only named plaintiff for Claim 1, that claim has been dismissed with leave to refile if another plaintiff is named. The Court therefore denies without prejudice the motion for certification of Class A, with leave to reinstate the motion if the plaintiffs identify another class representative within the time frame established in the previous order.

**3. Youth marketing claims (Class B)**

The Court previously granted summary judgment in defendants' favor on plaintiffs' youth marketing claims with regard to all plaintiffs. The motion to certify Class B is therefore denied as moot.

## Conclusion

For the foregoing reasons, the Court denies plaintiffs' motion for class certification of all three classes (Docket No. 98). Plaintiffs may reinstate the motion as

to Class A if they identify a new class representative within the time frame established in the Court's order of February 1, 2010. The case is set for a status hearing on March 22, 2010 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: February 22, 2010