IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN CLEARY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09 C 1596 |
| ) | |
| PHILIP MORRIS INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Brian Cleary and two other plaintiffs, acting on behalf of a putative class, sued several tobacco manufacturers and related entities in state court on claims arising from their allegedly deceptive marketing of cigarettes. One of the defendants removed the case to this Court. On June 22, 2010, the Court entered summary judgment in favor of the defendants.

Three of the defendants, The Tobacco Institute (TI), Lorillard Tobacco Co. (Lorillard), and British American Tobacco Co., Ltd. (BATCo), have petitioned for an award of costs. Plaintiffs have objected to certain aspects of defendants' petitions. For the reasons stated below, the Court grants the defendants' petitions in part.

### Discussion

A prevailing party is presumptively entitled to recover "[c]osts other than attorneys' fees . . . as of course," Fed. R. Civ. P. 54(d)(1), and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v.*

*Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). A court considering whether to award costs asks first whether the requested costs are recoverable and second whether the costs were reasonably necessary to the litigation. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000); *Deimer v. Cincinnati Sub-Zero Products, Inc.,* 58 F.3d 341, 345 (7th Cir. 1995).

Recoverable costs include "(1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920. A district court may not tax an expense as a cost unless the specific expense is authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007).

**1. TI's bill of costs**

Plaintiffs object to TI's request for reimbursement of the costs of computerized research (Lexis/Westlaw) in the amount of $547.67. TI relies on *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699 (7th Cir. 2008), in which the court affirmed, without discussion, the district court's award of costs for computerized legal research. When awarding the computerized research costs, the district court in *Little*, citing *Burda v. M.*

*Ecker Co.,* 2 F.3d 769, 778 (7th Cir. 1993), stated that "the Seventh Circuit has held that 'computerized legal research ... [is] properly recoverable by a prevailing party' under § 1920." *Little v. Mitsubishi Motors N. Am., Inc.*, No. 04-1034, 2007 WL 1232097, at *4 (C.D. Ill. Apr. 26, 2007).

*Burda* – the case on which the district court relied in *Little* – was a sanctions decision, not a ruling about recoverable costs. And in affirming the district court's decision in *Little*, the court seems to have bypassed the "significant Seventh Circuit authority providing that computerized legal research costs are only recoverable as part of an attorney fee award, rather than as costs of suit." *Thomas v. City of Peoria*, No. 06-cv-1018, 2009 WL 4591084, at *2 (C.D. Ill. Dec. 3, 2009) (citing *Tchemkou v. Mukasey*, 517 F.3d 506, 512-13 (7th Cir. 2008); *Haroco, Inc. v. Am. Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990)); *see also, Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000).

Conceptually, the conduct of computerized legal research (as opposed to manual research) ordinarily corresponds to a reduction in the amount of attorney time needed to do the research. *Haroco*, 38 F.3d at 1441. Therefore, there is "no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee." *Id*. In both situations, the costs amount to attorney's fees, and they are not recoverable as costs under section 1920. *Id.*; *see also, McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990).

3

Furthermore, absent express statutory authority, a court may tax as costs only those expenses specifically enumerated under 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 441-42. Because the costs of computerized research costs are not included in section 1920, the Court reduces the amount TI claims by $547.67.

**2. Lorillard's bill of costs**

**a. Stenographic transcripts and video-recorded depositions**

Plaintiffs object to Lorillard's request for reimbursement of $1,650.55 paid for the paper transcript and video recordings of the two depositions of Cleary and the deposition of plaintiff Rita Burke. Plaintiffs argue that because Lorillard has not shown that the subject of the transcript was different from that of the video, the Court should not award costs for both. Plaintiffs rely on *Robinson v. Burlington Northern R. Co.*, 963 F. Supp. 691 (N.D. Ill. 1997). In *Robinson*, the court relied on *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993), in concluding that a party seeking costs in this situation must show that the subject of the transcribed deposition was different from that of the videotaped one. *Robinson*, 963 F. Supp. at 693. Recently, however, the Seventh Circuit explained that prior precedents, including *Barber*, were based on the pre-1993 version of Rule 30, and that "the rule-makers have removed the provision that we previously interpreted to bar an award of costs in this situations." *Little*, 514 F.3d at 702. In *Little*, the court ruled that district courts may tax the costs of both stenographic transcripts and video-recorded depositions, joining the Tenth and Eleventh Circuits. *Id.* at 701-02.

4

The Court finds that the video recording and paper transcript were both reasonably necessary. Lorillard is entitled to the full $1,650.66 it requests in this regard.

   b.   **Clerk's fee for removal of case from state court**

Plaintiffs object to taxation of the $350 fee that Lorillard paid to remove the case to this Court. Plaintiffs argue that the decision to remove was strategic and unnecessary, and thus the fee should not be taxed as a cost.

Section 1920 expressly provides for taxation of fees of the clerk. Although the Seventh Circuit has not specifically addressed the taxation of a removal fee, other district courts in this Circuit have allowed removing defendants to recover that fee as a cost, reasoning that "plaintiff's choice to file in state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset." *Beckham v. Stiles*, No. 06 C 978, 2009 WL 4667256 (E.D. Wis. Dec. 3, 2009); *Aguirre v. Turner Constr. Co.,* No. 05 C 515, 2008 WL 4790392, at *3 (N.D. Ill. Oct. 27, 2008); *Reese v. Karl Schmidt Unisia, Inc.,* No. 1:07-CV-98-PPS, 2008 WL 3465932, at *2 (N.D. Ind. Aug.12, 2008). The Court agrees with these decisions and concludes that the removal fee that Lorillard paid is a taxable cost.

   c.   **Copy of the state court file**

Plaintiffs object to Lorillard's request for the $6,711.75 that it said it paid to obtain and copy the entire state court file, which it attached to its notice of removal. Plaintiffs maintain that these costs were incurred merely for convenience and should not be

5

recoverable as such. They also contend that Lorillard had access to the state court file and did not have to utilize the services of an outside vendor to copy the file.

The statute governing removal of cases from state court requires a party to include with a petition for removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Lorillard contends it believed it had to attach a copy of the entire state court file to comply with section 1446(a) and also cites the age of the state court case and the large volume of documents filed. The removal statute, however, required Lorillard to provide only the "pleadings" – defined in Federal Rule of Civil Procedure 7(a) to include only complaints, answers, counterclaims, and similar documents – as well as any "process" (summonses) and court orders. The pleadings may have been somewhat voluminous, but process and orders likely were not. And the state court file likely included some significant volume of material beyond what section 1446(a) required Lorillard to submit; among other things, the usual practice in Illinois state court is to file discovery requests and responses.

Lorillard's bill of costs does not provide any way for the Court to ascertain which documents contained in "the entire state court file" fell into the categories of materials that Lorillard actually had to provide. The Court is not persuaded that it reasonably cost Lorillard $6,711, or anything close to it, to photocopy the materials that section 1446(a) required. Because Lorillard has not provided documentation for the photocopying costs that are properly recoverable, the Court denies this request in its entirety.

6

3. **BATCo's bill of costs**

   a. **Photocopying for two law firms**

Plaintiffs object to recovery of $5,983.54 that BATCo incurred for photocopying. First, plaintiffs argue that BATCo did not provide enough detail in its bill of costs to support its request for copies, as it did not include invoices and receipts. Second, plaintiffs maintain that the costs were for convenience, not necessity. Plaintiffs note that because BATCo retained two separate law firms, its copying fees unnecessarily doubled.

The Court concludes that the breakdown BATCo provided is sufficient. The Seventh Circuit has held that a party "[is] not required to submit a bill of costs containing a description so detailed as to make it impossible to economically recover photocopying costs." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Rather, a party seeking photocopying costs is only "required to provide the best breakdown obtainable for retained records." *Id.* BATCo's breakdown, which includes affidavits by its legal counsel, meets this standard.

The Court agrees with plaintiffs, however, that BATCo's retention of two law firms was not a matter of necessity. Photocopying costs are recoverable only to the extent they were necessary. 28 U.S.C. §1920; *see Majeske,* 218 F.3d at 824; *Deimer,* 58 F.3d at 345. Because BATCo's breakdown does not enable the Court to make a precise breakdown of the photocopying expenses incurred by each firm, the Court will award BATCo one half of the amount it requests.

### b. Postage and delivery charges

Plaintiffs object to BATCo's request to tax postage and courier fees in the amount of $299.99. Because these costs are considered "ordinary business expenses," they are not recoverable. *See, e.g., Am. Nat. Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 956 (N.D. Ill. 2009) (deducting delivery and postage expenses from the prevailing party's videotaped deposition costs).

The Seventh Circuit has held that a district court has the discretion to tax as costs delivery charges incidental to the taking of a deposition. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). BATCo has not explained, however, why it incurred the delivery charge it requests, nor has it provided any rationale for why the Court should exercise its discretion to tax that particular charge as a cost. The Court therefore disallows this request.

### Conclusion

For the reasons stated above, the Court taxes costs in favor of The Tobacco Institute in the amount of $506.05, in favor of Lorillard Tobacco Co. in the amount of $2,000.66, and in favor of British American Tobacco Co. in the amount of $2,999.77.

                                                                                              _____
                                                                                              MATTHEW F. KENNELLY
                                                                                              United States District Judge

Date: October 14, 2010